*312 The opinion of the Court was delivered by
Fenner, J.
The question underlying the decision of this case is. whether Act No. 60 of 1872, entitled “ An Act to establish a hospital for small-pox and other contagious diseases,” constituted such a contract between the State and the plaintiff, as owner of the Luzenberg Hospital, referred to in said Act, as was protected from impairment by subsequent legislative action, it having been expressly repealed by Act No. 16, of the extra session of 1877. Prior to this repeal, the Act referred to had come under the consideration of this Court in two cases, Nos. 5896, and 6391, of the docket of this Court, (unreported) involving the determination of certain rights claimed thereunder by the present-plaintiff.
It was there held, that the Act did not confer on the plaintiff “ anj right, privilege or franchise,” for the violation of which he could maintain an action, and substantially held that it did not create a contract.
The Act is certainly a legislative anomaly, but we are really unable to discover in it the elements of a contract. It professed to deal with plaintiff’s property, without the slightest provision for obtaining or requiring his assent thereto. There is not a trace in the entire Act of an obligation of any kind imposed upon plaintiff. We can discover nothing which would have prevented plaintiff, at any time, from withdrawing his property from the use contemplated by the Act, if he had found it to his interest so to do. No provision is made for the securing of proper accommodations and treatment of the patients, who should be sent to the hospital, and no penalties or remedies afforded, if they should be inadequate. If he spent money in preparing his hospital for the reception of such patients, he did so of his own free will, and not in discharge of any obligation imposed on him by the Act.
A contract involves the assent of two minds, and when commutative, gives rise to reciprocal rights and obligations.
The only duties or obligations, referred to in this Act, are those imposed upon the city and upon certain officials of. the city and State,
These duties, whatever they were, continued during the legislative pleasure, but expired with the repeal of the law.
Whatever loss the plaintiff may suffer is damnum, absque injuria.
Waiving the’ question as to whether the legislature could validly barter away, for a term, the police power of the State over such a vital sanitary question as the disposition and segregation of small-pox patients, it is certain she cannot be presumed to have made such a contract, unless it appear, indisputably and beyond possibility of doubt, from her legislative Act. Such is not the case here.
Judgment affirmed at appellant’s cost.